UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAN CAROL P.,<br><br>                                Plaintiff,<br><br>v.<br><br>THE UNITED STATES SOCIAL SECURITY ADMINISTRATION,<br><br>                                Defendant. | Case No.:  24-cv-983-DDL<br><br>**ORDER:**<br><br>   **(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*;**<br><br>   **(2) SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B); and**<br><br>   **(3) DISMISSING COMPLAINT WITHOUT PREJUDICE** |

On June 4, 2024, *pro se* plaintiff Joan Carol P. ("Plaintiff") filed a complaint against the Social Security Administration (the "Administration") for "Benefits Not Paid." Dkt. No. 1. On the same date, Plaintiff moved to proceed in this matter *in forma pauperis*. Dkt. No. 2. On June 6, 2024, Plaintiff filed a document titled "Reli[e]f Request." Dkt. No. 4. For the reasons explained in this Order, the Court **GRANTS** the motion to proceed in forma pauperis.

The Court has conducted the *sua sponte* screening required by 28 U.S.C. § 1915(e)(2)(B) and, for the reasons explained below, **DISMISSES** Plaintiff's complaint **WITHOUT PREJUDICE**.

1

## A. Motion to Proceed In Forma Pauperis

This Court may "authorize the commencement . . . of any suit, action or proceeding, civil or criminal, without prepayment of fees or security therefor" by any person who demonstrates his or her inability to pay such fees. *See* 28 U.S.C. § 1915(a)(1). A party need not be "absolutely destitute" to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).[1] Instead, "[a]n affidavit in support of an [*in forma pauperis*] application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins*, 335 U.S. at 339). "[A] plaintiff seeking [*in forma pauperis*] status must allege poverty with some particularity, definiteness and certainty." *Id*.

Here, Plaintiff avers she receives $1,000 per month in "retirement" income and has $968 in her checking account. Dkt. No. 2 at 2. Plaintiff does not identify any employment or other source of income. *See id.* Although Plaintiff does not provide further detail regarding her expenditures, she relates that she has "had to live in the streets, motels . . . [and] rooms in peoples houses" due to her economic condition. *Id*. at 5. Based upon the record before it, the Court finds that Plaintiff has adequately demonstrated that she lacks the financial resources to pay the filing fee and still afford the necessities of life. Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* [Dkt. No. 2] is **GRANTED**.

## B. Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)

Pursuant to 28 U.S.C. § 1915(e)(2)(B) ("Section 1915(e)"), the Court must *sua sponte* evaluate the sufficiency of any complaint brought *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court must dismiss any such complaint if it fails to state a claim upon which relief can be granted, is frivolous or malicious, or seeks

---

[1] All citations and internal quotation marks are omitted, and emphasis added, unless otherwise noted.

24-cv-983-DDL

monetary relief from a defendant who is immune.  *See id.*; *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim.").  Bearing this screening responsibility in mind, the Court has carefully reviewed Plaintiff's complaint and the document titled "Reli[e]f Request"[2] and finds that the complaint must be dismissed.

**Plaintiff's Allegations.** The Court begins with a summary of Plaintiff's allegations.  In her complaint, Plaintiff requests that the Court "grant [her] . . . overdue benefits from [the] Social Security Administration" and further alleges she is owed $260,000 for "benefits not paid" for the years 1963 through 1974 and 1979 through 1981.  Dkt. No. 1 at 2.  Attached to Plaintiff's complaint is a printout of her gross earnings for the years 1962 through 1996, with handwritten marginalia by Plaintiff.  *Id.* at 3.  Plaintiff also identifies her former employers and states that she "sent for her earnings and tax payer returns," and received "transcripts" from the Administration, in 2017.  *Id.* at 4, 5.  Plaintiff states repeatedly that her "benefits" were "not paid," for which she seeks her "day in court."  *Id.* at 1, 4, 5 and 6.  Plaintiff completed a Civil Cover Sheet to accompany her complaint, on which she indicates the nature of the suit is the "Employee Retirement Income Security Act."  Dkt. No. 1-1 at 1.  Plaintiff's "Reli[e]f Request" states as follows:

> I'am [*sic*] asking for punative [*sic*] damage for the 17 years of back pay starting at the age of 62 years old.  My disability insurance has paid for my health needs and some Social Security was paid to me.  When I worked my disability Ins. was paid from earnings, I'm asking for 3.2 million dollar's [*sic*] for damages to me and my family.  . . . I don't want

---

[2]    The Court construes this as an amendment to the complaint.  This District's Civil Local Rules prohibit piecemeal amendments to pleadings, but for the sake of expediency the Court has considered the "Reli[e]f Request" and its contents in evaluating Plaintiff's complaint.  *See* CivLR 15.1.a ("Every pleading to which amendment is permitted . . . must be complete in itself without reference to the superseded pleading.").

24-cv-983-DDL

social security, income, I rather get my own insurance.  I'am [*sic*] done with social security.  I need my benefit!"

Dkt. No. 4.

As a threshold matter, it is not clear from Plaintiff's complaint what type of benefits were allegedly "not paid" or are "overdue," whether and when Plaintiff sought any such benefits from the Administration, whether Plaintiff has followed all available procedures for doing so such that her administrative remedies have been exhausted, and whether and when the Administration issued a ruling on Plaintiff's request.  The Court could infer from Plaintiff's multiple requests for "benefits," reference to disability insurance, and decision to sue the Social Security Administration that she intended to file a civil action for judicial review of a denial of disability benefits pursuant to 42 U.S.C. § 405(g) ("Section 405(g)").  On the other hand, Plaintiff's statement that she seeks "back pay" and indication that this action relates to the "Employee Retirement Income Security Act," suggest that the action relates to her retirement benefits.  Plaintiff's disclaimer of any interest in receiving "Social Security income" and request for an award of punitive damages could arise out of either scenario, or perhaps to a different alleged wrong altogether.

Although the Court must construe a *pro se* litigant's complaint "liberally," it is not required to "supply essential elements of [a] claim that were not initially pled." *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014).  The Court is also "not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009).  Here, even construing Plaintiff's filings as generously as possible, the Court finds them so replete with ambiguities and lacking in important facts as to prevent the Court from proceeding.

***Subject Matter Jurisdiction***.  Most importantly, the basis of the Court's subject matter jurisdiction over the action has not been established.  "[F]ederal courts are courts of limited jurisdiction" and may only adjudicate those matters

4

authorized by Congress or the Constitution.  *See General Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 969 (9th Cir.1981) (further noting that "[t]he limits upon federal jurisdiction . . . must be neither disregarded nor evaded.") (quoting *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)); *see also Hamer v. Neighborhood Hous. Servs. of Chicago*, 583 U.S. 17, 19 (2017) ("Only Congress may determine a lower federal court's subject-matter jurisdiction.").

Section 405(g) authorizes the Court to review any "final decision of the Commissioner of Social Security made after a hearing to which [the plaintiff] was a party," if the complaint seeking judicial review is filed within 60 days of such decision.  *See* 42 U.S.C. § 405(g).  Assuming (without so finding) this action relates to disability benefits, it is not clear from the record whether there was such a final decision and if so, whether Plaintiff timely sought review in this Court.  And, if the basis of Plaintiff's complaint is something other than an adverse decision regarding disability benefits, neither the complaint nor the "Reli[e]f Request" set forth any facts to support another basis for the Court's jurisdiction.  *See General Atomic Co.*, 655 F.2d at 969 ("A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.").  Because Court is not assured it has subject matter jurisdiction over the action, it must dismiss the complaint.  *See* Fed. R. Civ. P. 12(h)(3).

***Potential Immunity of Defendant.***  Section 1915(e) also requires the Court to assess whether the complaint seeks money damages from a defendant who is immune from suit.  28 U.S.C. § 1915(e)(2)(B)(ii).  In that regard, it should be noted that "the United States may not be sued without its consent and . . . the existence of consent is a prerequisite for jurisdiction."  *Dep't of Treasury-I.R.S. v. Fed. Lab. Rels. Auth.*, 521 F.3d 1148, 1152 (9th Cir. 2008).  "Absent a waiver, a sovereign immunity shields the Federal Government and its agencies from suit."  *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).  Again, while a federal district court may hear disputes arising out of adverse disability determinations pursuant to the terms of

24-cv-983-DDL

Section 405(g), other wrongs may require the Administration's consent to be sued. As the basis of Plaintiff's claims is not apparent from her complaint, this further erodes any basis for the Court's jurisdiction over the action.

*Improper Venue*.  Even if this Court had subject matter jurisdiction over the action, venue appears improper.  A civil action for judicial review of a denial of disability benefits must be "brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business," subject to certain exceptions not applicable here.  42 U.S.C. § 405(g).  Plaintiff resides in Anaheim, California (*see* Dkt. No. 1 at 1, Dkt. No. 1-1 at 1), which is located in the *Central* District of California, *not* this District.  To the extent Plaintiff's complaint arises out of something other than a denial of disability benefits, there are insufficient facts before the Court to determine whether it is appropriate for the action to proceed in this District.

*Supplemental Social Security Rule 2(b).*  The Court's determination that the basis for its subject matter jurisdiction over the matter has not been established is a sufficient basis for dismissal.  Nevertheless, the Court has also evaluated whether Plaintiff's complaint and "Reli[e]f Request" comply with applicable pleading requirements.  A complaint pursuant to Section 405(g) – if that is what is before the Court – must meet the pleading requirements specified in Rule 2(b) of the Supplemental Rules for Social Security Actions.  *See* Fed. R. Civ. P. SUPP SS Rule 2(b)(1)(A)-(E).  As is relevant here, that Rule requires the complaint to explicitly identify Section 405(g) as the basis for relief, identify the final decision to be reviewed, and state the type of benefits claimed.  *See id.*  For the reasons explained in this Order, Plaintiff's filings do not satisfy any of these requirements.

*Federal Rule of Civil Procedure 8*.  Assuming the complaint seeks relief for another alleged wrong, the Court finds it must be dismissed for failure to comply with Federal Rule of Civil Procedure 8.  Pursuant to that rule, a complaint must plead "a short and plain statement of the claim showing that the pleader is entitled

24-cv-983-DDL

to relief. . ..'' Fed. R. Civ. P. 8(a)(2).  A proper pleading "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions . . . will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. When a plaintiff fails to provide "enough facts to state a claim to relief that is plausible on its face," the Court must dismiss the complaint, either in whole or in part. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

For the reasons stated in this Order, the Court finds Plaintiff's complaint fails to plead sufficient facts to establish her entitlement to relief, and indeed fails to establish a cognizable legal theory irrespective of the facts pled.  *See Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (noting that a complaint may be dismissed as a matter of law for its lack of a cognizable legal theory, or insufficient facts to support a cognizable legal theory).  Section 1915(e)'s provision that a "frivolous" complaint may be dismissed *sua sponte* provides further support for dismissal.  *See* 28 U.S.C. § 1915(e)(2)(B); *accord Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (defining a frivolous complaint as one that "lacks an arguable basis either in law or in fact.").

For the foregoing reasons, the Court finds Plaintiff's complaint must be dismissed.  The Court is skeptical that Plaintiff can correct the shortcomings identified in this Order.  However, because the Court's jurisdiction over the action is in doubt, the dismissal shall be without prejudice to filing her complaint in the appropriate district court.  The Court cautions Plaintiff that any further complaints filed in this District are subject to continued screening pursuant to Section 1915(e), and the Court may transfer or dismiss any complaint that is not appropriately filed in this District or that fails to survive further screening, including but not limited to correcting the above described deficiencies.

/ / /

24-cv-983-DDL

For the reasons stated in this Order, Plaintiff's Motion to Proceed in Forma Pauperis [Dkt. No. 2] is **GRANTED** and Plaintiff's Complaint [Dkt. No. 1] is **DISMISSED WITHOUT PREJUDICE**.   The Clerk of the Court is directed to close the file.

**IT IS SO ORDERED.**

Dated: July 18, 2024

_____

Hon. David D. Leshner
United States Magistrate Judge

24-cv-983-DDL